[No. B115222. Second Dist., Div. Six. Feb. 8, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
GABRIEL RUIZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

1086

**COUNSEL**

Gregory L. Rickard, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Jaime L. Fuster and Corey J. Robins, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**COFFEE, J.**—A jury convicted appellant Gabriel Ruiz of one count of second degree robbery and determined that he had personally used a knife in the commission of that offense. (Pen. Code, §§ 211, 212.5, subd. (c), 12022, subd. (b)(1).)[1] Allegations that appellant had suffered a prior serious felony conviction were found true in a bifurcated court trial. (§§ 667, subd. (a)(1)

---

[1]All further statutory references are to the Penal Code.

[five-year enhancement], 1170.12, subds. (a)-(d) ["Three Strikes" law].) Appellant was sentenced to eleven years in prison: the three-year middle term for the robbery conviction, doubled pursuant to the Three Strikes allegation, plus a five-year enhancement under section 667, subdivision (a)(1). We affirm.

## FACTS

Rosa Garcia was walking to the grocery store with her mother when she was approached by appellant and another man. Appellant pointed a knife at Garcia's stomach while the other man grabbed her purse and ran away. Appellant, who had a limp, also fled. Garcia had about $200 in her purse.

Garcia and her mother followed appellant for about three-quarters of a mile. He circled around and returned to the area where the purse was taken. During their pursuit, Garcia saw appellant throw something into a trash can. She looked inside and recovered the knife used in the robbery.

The chase ended when appellant went inside a liquor store and Garcia called 911 from an outside pay phone. Appellant walked outside carrying a beer and was detained by Garcia's mother and a male bystander. While they were waiting for the police to arrive, appellant told the women that he would give them a photograph of the man who had taken the purse if they let him go. He also said that another person would make them sorry if he was not released.

Appellant testified at trial and denied any involvement in the robbery. He claimed that as he was leaving the liquor store, a man he did not know asked him for a cigarette and change. After appellant refused both requests, the man grabbed something from Garcia or her mother as the two of them walked by. Garcia's mother apparently believed that appellant knew the man. She told appellant that if he did not help them get the purse back, she would tell the police that appellant was the thief. Appellant waited for the police because he had nothing to hide.

Appellant acknowledged that the knife Garcia recovered from the trash can was his. He testified that he had placed it there because he was a convicted felon and was worried that he would get in trouble if the police found it in his possession.

## DISCUSSION

### I.

### *The True Findings on the Prior Conviction Allegations Are Supported by Substantial Evidence*

■ The allegations that appellant had suffered a prior conviction under the Three Strikes law and section 667, subdivision (a) were both based on his 1985 conviction for aggravated assault under section 245, subdivision (a)(1). Appellant contends that this conviction did not qualify as a serious or violent felony and should not have been used to increase his sentence. We disagree.

### A.

Section 667, subdivision (a)(1) requires a five-year sentence enhancement when a defendant convicted of a "serious felony" offense listed in section 1192.7, subdivision (c) has been previously convicted of a serious felony. Section 1170.12 (the Three Strikes law) provides for an increased sentence when a defendant convicted of any felony has been previously convicted of either a serious felony under section 1192.7, subdivision (c) or a "violent felony" under section 667.5, subdivision (c). The lists of serious and violent felonies include both specific, enumerated crimes and descriptions of criminal conduct. (See *People* v. *Cruz* (1996) 13 Cal.4th 764, 772 [55 Cal.Rptr.2d 117, 919 P.2d 731]; *People* v. *Guerrero* (1988) 44 Cal.3d 343, 347-348 [243 Cal.Rptr. 688, 748 P.2d 1150].)

■ Aggravated assault is not an enumerated offense under either section 1192.7 or section 667.5. It can qualify as a serious or violent felony if the conduct underlying the conviction fits one of the descriptions of criminal conduct contained within those statutes. An assault will be treated as a serious felony when "the defendant personally inflict[ed] great bodily injury on any person, other than an accomplice, or . . . personally use[d] a firearm" (§ 1192.7, subd. (c)(8)), or "personally used a dangerous or deadly weapon" (§ 1192.7, subd. (c)(23)). It will be treated as a violent felony when the defendant "inflict[ed] great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 or . . . use[d] a firearm which has been charged and proved as provided in Section 12022.5, 12022.53, or 12022.55." (§ 667.5, subd. (c)(8); see *People* v. *Rodriguez* (1998) 17 Cal.4th 253, 261 [70 Cal.Rptr.2d 334, 949 P.2d 31].)

The trier of fact may review the entire record of conviction in the prior case to determine whether an assault involved conduct making it a serious or violent felony. (*People* v. *Woodell* (1998) 17 Cal.4th 448, 453 [71 Cal.Rptr.2d 241, 950 P.2d 85]; *People* v. *Reed* (1996) 13 Cal.4th 217, 222-223 [52 Cal.Rptr.2d 106, 914 P.2d 184].) Prison records certified under section 969b are also admissible to prove that the defendant was convicted of a particular offense.[2] (*People* v. *Dunlap* (1993) 18 Cal.App.4th 1468, 1476 [23 Cal.Rptr.2d 204].)

### B.

▮ The parties agree that appellant's 1985 conviction for aggravated assault may not be used as a "strike" or as the basis for a five-year enhancement if it does not fit one of the conduct-related criteria of section 1192.7 or 667.5. The Attorney General claims that appellant's prior assault conviction qualifies for such treatment because it was accompanied by a great bodily injury enhancement under section 12022.7. Such an enhancement is sufficient to prove that a prior assault involved conduct which renders it a serious and violent felony. (§§ 1192.7, subd. (c)(8), 667.5, subd. (c)(8); *People* v. *Milosavljevic* (1997) 56 Cal.App.4th 811, 815-818 [65 Cal.Rptr.2d 562].)

Ordinarily it is an easy matter to show that a prior assault conviction was accompanied by a section 12022.7 enhancement. The difficulty here is that the abstract of judgment in the 1985 assault case is partially illegible. The abstract clearly indicates that appellant was convicted of violating section 245, subdivision (a)(1) (described in the abstract as "ASSLT GBI W/DLY WPN"), and that he received the two-year lower term for this offense. The abstract also shows that appellant received a three-year enhancement in connection with the assault conviction, for a total sentence of five years. A great bodily injury enhancement carries a three-year term, but there is no description of the enhancement actually imposed in the assault case and no legible reference to any code provision.

If this illegible copy of the abstract of judgment were the only available evidence of the prior conviction, the record would be insufficient to prove

---

[2]Section 969b provides, "For the purposes of establishing prima facie evidence of the fact that a person being tried for a crime or public offense under the laws of this State has been convicted of an act punishable by imprisonment in a state prison . . . , the records or copies of records of any state penitentiary . . . , when such records or copies thereof have been certified by the official custodian of such records, may be introduced as such evidence." Under this section, the People may satisfy their burden of proving a prior conviction by introducing a certified copy of a prison record. (*People* v. *Matthews* (1991) 229 Cal.App.3d 930, 937 [280 Cal.Rptr. 134].)

that appellant inflicted great bodily injury. (Cf. *People* v. *Rodriguez, supra,* 17 Cal.4th at p. 262.) However, the prosecution also introduced certified copies of appellant's prison records under section 969b. These records include a fingerprint card from appellant's 1985 prison commitment, which noted that the offense was "Asslt W/DW ([§] 245, [subd.] (a)(1) . . . *W/GBI ([§] 12022.7, PC)*." (Italics added.)

The prison records from appellant's 1985 assault case were admissible to prove that he had been convicted of a particular offense, including any enhancements attached to that offense. (See *People* v. *Dunlap, supra,* 18 Cal.App.4th at p. 1474; *People* v. *Matthews, supra,* 229 Cal.App.3d at p. 937.) Combined with the legible portion of the abstract of judgment, which indicates that a three-year enhancement was imposed, the notation on the fingerprint card supports a finding that the 1985 assault was a serious and violent felony.

In reaching this conclusion, we are cognizant of *People* v. *Williams* (1996) 50 Cal.App.4th 1405, 1411 [58 Cal.Rptr.2d 517]. There the abstract of judgment from a prior case showed only that the defendant had been convicted of assault. A fingerprint card in the certified prison records referred to the offense as "ADW," and the trial court found this reference supported a finding that a deadly weapon had been used. The Court of Appeal reversed the trial court's finding that the assault qualified as a serious felony, concluding that a notation on a fingerprint card within a section 969b packet did not itself prove the nature of the prior offense. "[T]he fingerprint card is a record of the Department of Corrections, not the court in which the conviction occurred. We know of no reasonable basis to believe that the Department of Corrections employee who made the notation had any information concerning the underlying conviction other than that revealed in the abstract of judgment. The abstract [does] not refer to use of a deadly weapon." (*Williams, supra,* 50 Cal.App.4th at p. 1412, fn. omitted.)

The court in *Williams* correctly concluded that if the abstract of judgment did not contain adequate information to prove the nature of the underlying offense, the prison records based on that abstract would be equally deficient. Here we do not rely on the prison documents to provide independent information about appellant's prior crime, but to determine the content of the now-illegible portion of the abstract of judgment. The trial court could reasonably infer that the prison employee who created the fingerprint card correctly transcribed the offense and enhancement allegation from the court records. The evidence was thus sufficient to support the true finding.

[[II.-IV.]]*

The judgment is affirmed.

Gilbert, Acting P. J., and Yegan, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 19, 1999.

---

*See footnote, *ante*, page 1085.