Filed 5/16/23  P. v. Fuentes CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO MANOLO FUENTES,<br><br>　　　Defendant and Appellant. | A163734<br><br>(City and County of San Francisco Super. Ct. Nos. 231588, 19008963) |

**INTRODUCTION**

Defendant Francisco Manolo Fuentes seeks a new sentencing hearing based on recent amendments to section 1170, subdivision (b) of the Penal Code.  The trial court had placed Fuentes on probation for multiple prior crimes, including falsely imprisoning a domestic partner (Penal Code, § 236).[1]  After Fuentes violated his probation the trial court revoked it, sentenced him instead to three years' imprisonment—the upper of three possible sentencing terms.

The Legislature recently amended section 1170, subdivision (b) to modify the rules for criminal sentencing.  Where a statute specifies three possible sentencing terms—a low, middle, and upper term—the general rule

---

[1]Undesignated statutory references are to the Penal Code.

1

now is that the trial court should impose the middle term.  The court may only impose a "sentence exceeding the middle term . . . where there are aggravating circumstances in the crime and the defendant has either stipulated to the facts underlying those circumstances or they have been found true beyond a reasonable doubt."  (*People v. Flores* (2022) 75 Cal.App.5th 495, 500 (*Flores*), citing § 1170, subd. (b)(3).)  For defendants under age 26, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term" if youth "was a contributing factor in the commission of the offense."  (§ 1170, subd. (b)(6)(B).)

Fuentes challenges his upper-term three-year sentence as inconsistent with amended section 1170, and argues that the lower term is the most appropriate due to mitigating factors (he was 25 years old at sentencing).  The Attorney General agrees the amendments to section 1170 apply retroactively, but argues we should not remand the case for resentencing because: (1) the trial court properly considered the factors in aggravation and mitigation when sentencing Fuentes to the upper term; and (2) any error was harmless.

There are too many open questions for us to agree with the Attorney General.  The evidence included several aggravating factors: "multiple firearm offenses, multiple domestic violence offenses," and a prior conviction for fencing stolen property.  Those aggravating factors were all proved beyond a reasonable doubt.  Since 2017, Fuentes was repeatedly placed on probation after committing a range of crimes only to re-offend, have probation revoked, and then be placed back on probation.

2

Under amended section 1170, however, the trial court also needed to make a finding concerning whether Fuentes's age was a contributing factor in the offense.  If age was a contributing factor, then the trial court needed to assess whether the lower term would not be in the interests of justice.  Then, the trial court would need to further determine whether to depart from the presumption that a middle term sentence is typically most appropriate.  This case therefore does not meet the standard for assessing resentencing appeals under the new section 1170, subdivision (b), set out in *People v. Wandrey* (2022) 80 Cal.App.5th 962, 982 (*Wandrey*).  Previously, Fuentes had been returned to probation even when he re-offended, and here the trial court rejected the request to again place Fuentes on probation.  But, the trial court did not make findings concerning whether youth was a "contributing factor" in his latest probation violations, and so we cannot conclude "the trial court would have exercised its discretion in the same way with regard to incarceration if it had been aware" of the new statutory presumptions set out in the amended statute.

## BACKGROUND

A.    *The 2018 Gun Case/Unsuccessful Termination of Probation in 2017 Gun Case*

On January 3, 2018, in case No. 17019316 (the 2018 gun case), the San Francisco County District Attorney's Office charged Fuentes in a complaint with second degree robbery (§ 211; count 1) and carrying a loaded firearm when not the registered owner (§ 25850, subd. (a); count 2.)  The prosecution also alleged enhancements related to count 1 for use of a deadly weapon (§ 12022, subd. (b)(1)) and personal use of a firearm (§ 12022.5, subd. (b).)

On February 23, 2018, Fuentes pled no contest to count 2 in exchange for dismissal of count 1 and placement on probation.  On March 29, 2018, the

3

court suspended imposition of sentence and placed Fuentes on probation for three years. At the same time, the trial court terminated as unsuccessful Fuentes's probation in an earlier (2017) gun case (case No. 17005188).

**B.**  ***The Domestic Violence Case/Admission of Probation Violation in 2018 Gun Case***

On June 12, 2019, in case No. 19008963 (the domestic violence case), the prosecution charged Fuentes with assault with a deadly weapon (§ 245, subd. (a)(1); count 1), domestic violence (§ 273.5, subd. (a); count 2), first degree residential robbery (§ 211; count 3), unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a); count 4), and receiving stolen property (§ 496d, subd. (a); count 5.) As to the domestic violence count, the prosecution alleged an enhancement for use of a deadly weapon. (§ 12022, subd. (b)(1).)

On July 10, 2019, Fuentes pled guilty to false imprisonment (§ 236) in the domestic violence case. In exchange, Fuentes would receive three years of probation, dismissal of the five remaining counts and allegations, release from presentence custody on his own recognizance, and a stipulation that specified facts of the case would not violate his probation in the 2018 gun case.

On August 28, 2019, the probation department filed a motion to revoke Fuentes's probation in the 2018 gun case. On September 3, 2019, the court suspended imposition of sentence in the domestic violence case and placed Fuentes on probation for three years. At the same hearing, Fuentes admitted violating probation in the 2018 gun case and the court reinstated his probation.

**C.**  ***The 2019 Gun Case***

On October 18, 2019, in case No. 19014851 (the 2019 gun case), the prosecution charged Fuentes by information with illegal possession of a firearm (§ 29800, subd. (a)(1); count 1) and hit and run causing property

damage (Veh. Code, § 20002, subd. (a); counts 2 & 3, misdemeanors). The prosecution alleged an on-bail enhancement (§ 12022.1, subd. (b)) as to count 1.

On December 2, 2019, Fuentes pled guilty to count 1 in exchange for three years of probation and dismissal of remaining counts and the on-bail enhancement. On December 23, 2019, the court suspended imposition of sentence and placed Fuentes on probation for three years.

**D.** *Admission of Probation Violation in Domestic Violence and 2019 Gun Cases*

In early 2020, law enforcement arrested Fuentes again, this time in East Palo Alto, for charges including multiple counts of burglary (§ 459), drug possession (Health & Safety Code § 29800, subd. (a)(1)), possession of a loaded firearm with a large-capacity magazine as a felon (including §§ 29800, subd. (a)(1), 32310, 182, subd. (a)(1), 496, subd. (a)), and multiple counts of receiving stolen property (§ 30305, subd. (a)(1)). On February 21, 2020, in the aftermath of the arrest, the probation department filed motions to revoke Fuentes's probation in the domestic violence and 2019 gun cases.

On October 22, 2020, Fuentes admitted violating probation in the domestic violence and 2019 gun cases. The court reinstated probation in the domestic violence case. In the 2019 gun case, the court sentenced Fuentes to two years in prison with credit for time served and placed him on post-release community supervision (PRCS).

**E.** *Second Admission of Probation Violation in Domestic Violence Case and PRCS Violation in 2019 Gun Case/Termination of Probation in 2018 Gun Case*

On January 22, 2021, the probation department filed a motion to revoke probation in the domestic violence case and a motion to revoke PRCS in the 2019 gun case. On February 16, 2021, Fuentes admitted a second

5

probation violation in the domestic violence case and the court reinstated him to probation. Fuentes also admitted violating PRCS in the 2019 gun case and the court reinstated him on PRCS.

**F.** ***Motions to Revoke Probation in Domestic Violence Case and PRCS in 2019 Gun Case***

On May 19, 2021, law enforcement again arrested Fuentes—this time in Stanislaus County. The charges included domestic violence, assault with force likely to cause great bodily injury, and violation of a restraining order against him. The probation department filed motions to revoke probation in the domestic violence case and PRCS in the 2019 gun case.

**G.** ***Contested Revocation Hearing and Sentencing***

On September 7, 2021, at the contested hearing regarding Fuentes's third probation violation in the domestic violence case (and PRCS violation in the 2019 case), Megan Hayashi, an investigator for the district attorney, testified that she had retrieved a report from the California Law Enforcement Telecommunications System (CLETS) detailing Fuentes's criminal history. The trial court marked the CLETS report as Exhibit 1 and Ms. Hayashi testified she "certified it and signed it" as "a document that [she] personally received." The court admitted the CLETS report into evidence without objection.

The prosecutor also sought to admit a certified court record from Stanislaus County Superior Court showing that on April 14, 2021, Fuentes pleaded no contest to felony domestic violence. The court admitted it into evidence (also without objection).

Using the CLETS report and Fuentes's April 2021 plea, the trial court found that because Fuentes had been convicted of felony domestic violence in Stanislaus County on April 14, 2021, against the same victim he had assaulted in the domestic violence case, Fuentes had violated the probation

6

conditions of obeying all laws and staying away from the victim. Fuentes had also violated his PRCS.

The parties argued the issue of sentencing. The prosecutor argued for the upper term of three years based on Fuentes's multiple violations of probation and PRCS and for continuing to be violent in the community.[2] Counsel for Fuentes argued that the recommended sentence was excessive because Fuentes was then 25 years old and it was premature to find that the only option for him was state prison for three years. Defense counsel also argued that the prosecution's sentence recommendation had increased from an earlier offer, which counsel attributed to Fuentes "exercise[ing] his right to due process, which is not allowed." The prosecutor explained that the earlier offer was *before* the arraignment on the most-recent probation violation. After "looking through the entire file" and considering Fuentes's prior criminal history, however, the prosecutor was "convinced that the aggravated term [wa]s more appropriate." The court commented, "Fair enough," and noted that it was "not going to penalize somebody for going to hearing, but I am going to reward somebody for an early admission of wrongdoing, which has not happened in this particular case."

The court discussed Fuentes's extensive criminal history. It took judicial notice of the 2017 gun case, in which Fuentes pleaded guilty to a

---

[2] The underlying negotiated plea in the domestic violence case had been to a charge of false imprisonment under section 236. Rules for sentencing a defendant for false imprisonment are set out in section 237, which explains, "If the false imprisonment be effected by violence, menace, fraud, or deceit, it shall be punishable by imprisonment pursuant to subdivision (h) of section 1170." Section 1170, subdivision (h), in turn, provides: "a felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years."

misdemeanor violation of section 25850 and his probation was terminated unsuccessfully because he was convicted in the 2018 gun case; the 2018 gun case, in which his probation was terminated unsuccessfully because he was convicted in the 2019 gun case; and the 2019 gun case. The court also referenced the probation report filed in the 2019 gun case for a summary of Fuentes's criminal history and various probation violations. The court noted Fuentes had committed the felony that was the subject of the probation revocation hearing, and had a 2017 misdemeanor conviction under section 273.6 for violating a domestic violence court order. Of course, Fuentes also pled guilty in the original domestic violence case, for which he had violated probation at least three times.

The court explained, "[t]he gentleman is just never—and I don't use that word lightly—but he has never followed through with the terms and conditions of his probation. He is constantly put on probation, I'm sure, for the reasons stated by [defense counsel], his young age at the time." The court found Fuentes was not amenable to further probation and revoked his probation.

The court noted that the probation report in the 2019 gun case had listed three circumstances in aggravation and two in mitigation. The court then ruled, "When the court looks at [Fuentes's] overall record, which includes, based upon his new California rap sheet, a felony conviction out of Santa Clara County for a violation of Penal Code Section 496, I considered the new conviction out of Stanislaus County, felony Penal Code Section 273.5, and when I consider his prior convictions that I've already mentioned—multiple firearm offenses, multiple domestic violence offenses—the Court finds that the circumstances in aggravation outweigh those in mitigation; therefore the Court is going to sentence [Fuentes] to the upper term of three

years.  [¶]  The reason for the selection of the upper term of three years is that based on the California Rules of Court, as well as the other things the Court has stated on the record."

On October 21, 2021, Fuentes filed a Notice of Appeal.  The amended section 1170 took effect on January 1, 2022.

## DISCUSSION

### I.

### *Changes to the Determinate Sentencing Law*

When the trial court sentenced Fuentes, section 1170 gave it broad authority to select from the applicable triads of statutory punishments for the principal term and enhancements that "in the court's discretion, best serve[d] the interests of justice."  (Former § 1170, subd. (b), as amended by Stats. 2020, ch. 29, § 15 ["When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court"].)  That discretion has been replaced with a different set of considerations.  Now, a "trial court may impose an upper term sentence only where there are aggravating circumstances in the crime and the defendant has either stipulated to the facts underlying those circumstances or they have been found true beyond a reasonable doubt.  (§ 1170, subd. (b)(1)–(2).)"  (*Flores, supra,* 75 Cal.App.5th at p. 500.)  The sentencing court may rely on certified records of conviction without having to submit the prior convictions to a jury.  (*Ibid.*; § 1170, subd. (b)(3).)

Additionally, section 1170, subdivision (b)(6)(B), now provides that "the court shall order imposition of the lower term" if the defendant is a "youth" and that fact "was a contributing factor in the commission of the offense" "unless the court finds that the aggravating circumstances outweigh the

9

mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6) (§ 1170(b)(6)(B).) A "youth" for purposes of the statute is "any person under 26 years of age on the date the offense was committed." (§§ 1016.7, subd. (b); 1170, subd. (b)(6)(B).)

The parties agree that section 1170 as amended applies retroactively to Fuentes's case. (See *Flores*, *supra*, 73 Cal.App.5th at p. 1039 [S.B. 567's amendments to section 1170 are "an ameliorative change in the law applicable to all nonfinal convictions on appeal"].) Fuentes asks that we vacate the sentence and remand the matter for the trial court to resentence under the amended version of section 1170. (E.g., *id*. at pp. 1034–1035.)

The Attorney General, however, argues remand is not necessary because the trial court properly considered the circumstances in aggravation and mitigation, and any error (or rather, noncompliance with 1170, subdivisions (b)(2) and (b)(6)(B) which were not in effect at the time of sentencing) is harmless.

## II.

### *Aggravating Factors*

As mentioned, Senate Bill No. 567 requires trial courts, in imposing the upper term, to rely only on aggravating circumstances found true beyond a reasonable doubt by the trier of fact or stipulated to by the defendant. (§ 1170, subd. (b)(2).) An exception to those requirements is that a sentencing court may rely on prior convictions when supported by certified records of conviction. (§ 1170, subd. (b)(3).)

In selecting the upper term, the trial court noted that there were three aggravating circumstances, referencing the probation report in the 2019 gun case. The report noted Fuentes's numerous prior convictions (Cal. Rules of

Court,[3] rule 4.421(b)(2)); Fuentes was on probation when he committed the new crime (rule 4.21(b)(4)); and Fuentes's prior performance on probation was unsatisfactory (rule 4.21(b)(5)).

Fuentes concedes that his admission of probation violations were sufficient to prove his failure to follow the terms and conditions of his probation in the past.  (See *People v. Dunn* (2022) 81 Cal.App.5th 394, 404 [defendant's stipulations to probation violations meet requirements of section 1170, subd. (b)(2)] (*Dunn*), review granted Oct. 12, 2022, S275655.)  The aggravating circumstance relied upon by the trial court—that Fuentes's prior probation performance was unsatisfactory (rule 4.21(b)(5))—meets the requirements of section 1170, subdivision (b)(2) because Fuentes stipulated to the facts of the aggravating circumstances.  (§ 1170, subd. (b)(2).)

Fuentes argues that the other two circumstances in aggravation— numerous prior convictions and being on probation at the time of the offense—did not meet the requirements of amended section 1170 because neither the probation report nor the CLETS report constitutes a certified record of conviction.  We disagree.

While a probation report is not a certified record of conviction (*Dunn, supra*, 81 Cal.App.5th at pp. 403–404), a CLETS report has long been admissible to prove a prior conviction.  (See *People v. Martinez* (2000) 22 Cal.4th 106, 116; *People v. Dunlap* (1993) 18 Cal.App.4th 1468, 1471– 1481.)  Recently, in *Dunn*, the court held that a certified copy of a defendant's criminal history report met the requirements of section 1170, subdivision (b)(3).  (*Dunn*, at pp. 403–404.)  Fuentes argues we should not follow *Dunn* because, in other contexts, CLETS reports have not been included in the certified record of conviction.  (See *People v. Matthews* (1991) 229 Cal.App.3d

---

[3] All further references to rules are to the California Rules of Court.

11

930, 936 [" 'record of conviction' included all relevant documents in the court of the prior conviction'"]; see also Evid. Code, §§ 452.5, subd. (b)(1) [criminal conviction records], 1530, subd. (a)(2) [copy of writing in official custody].)

We do not find Fuentes's argument persuasive, and we need not reach a conclusion about what constitutes a "record of conviction." Even assuming, for the sake of argument, that the certified records introduced at the contested hearing would not qualify as "a certified record of conviction" within the meaning of section 1170, subdivision (b)(3), a jury "'unquestionably'" would have found those circumstances true beyond a reasonable doubt. (*Wandrey, supra,* 80 Cal.App.5th at p. 982; *Chapman v. California* (1967) 386 U.S 18 (*Chapman*)).

The fact that Fuentes has been repeatedly convicted of a range of criminal offenses and had been on probation when he committed the crimes that triggered the probation violation hearing, are based on "readily available" information from "official records." (*Flores*, *supra*, 75 Cal.App.5th at p. 501.) The aggravating circumstances caused by Fuentes did not require the trial court to perform "an imprecise or comparative evaluation of the facts." (*People v. Sandoval* (2007) 41 Cal.4th 825, 840 (*Sandoval*).) Proof of aggravating factors here does not require reliance on a potential aggravating circumstance that "rests on a somewhat vague or subjective standard" that makes it "difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." (*Sandoval*, at p. 840.)

While the evidence supporting the aggravating factors considered by the trial court could have been sufficient to support the trial court's conclusion if Fuentes had been age 26 or older, we cannot affirm the

12

judgment.  The new requirements set out in the amended statute concerning the defendant's "youth," which we discuss below, require a new sentencing hearing.

## III.

### *Consideration of "Youth" Under Section 1170*

Despite being 25 years old at the time of the hearing, Fuentes qualifies as a "youth" under section 1170, subdivision (b)(6)(B).  The Attorney General argues that the trial court *did* consider Fuentes's age at the time of sentencing and, in any event, Fuentes failed to argue that the court should have given more weight to his age.  Fuentes concedes that the trial court acknowledged his age, but argues it did not do so in light of the presumption in amended section 1170 favoring a lower term.

"As noted, if a defendant's youth . . . contributed to the commission of the present offense, the court must impose the lower term 'unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice.' (§ 1170, subd. (b)(6).)  If this 'interests of justice' exception to the lower term applies (and if the prerequisites for imposing an upper term set forth in subdivision (b)(1)–(3) have not been met), the court may impose the middle term." (*People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922, 929.)

The record reflects that the trial court noted Fuentes's age as a mitigating factor in connection with the decision not to simply reinstate his probation.  The court expressed its concern that age had been used on multiple previous occasions to re-impose probation rather than move to incarceration.  The court observed, however, that Fuentes had "just never— and I don't use that word lightly—but he has never followed through with the

13

terms and conditions of his probation. He is constantly put on probation, I'm sure, for the reasons stated by [defense counsel], his young age at the time. But two firearm offenses, two domestic violence offenses, and now we know in April 2021 he was convicted yet again of a felony Penal Code section 273.5 against the same woman he has been ordered to stay away from." After its discussion, the court noted it was balancing the aggravating and mitigating factors it had discussed and was imposing the upper term.

We understand the trial court's conclusion that Fuentes's age ought not be a reason to maintain probation given his repeated failures to abide by the terms of his probation. The problem is that, without knowing that section 1170 was about to be amended and that subdivision (b)(6)(B) would change the required analysis, the court examined Fuentes's age only in connection with the question of whether or not to maintain probation rather than with the appropriate term of incarceration. Consequently, the trial court did not make any findings concerning whether Fuentes's age was a "contributing factor" in imposing the sentence. When balancing the aggravating and mitigating factors, the court also did not start out with the presumption that a low term sentence will apply absent further findings.

We cannot say beyond a reasonable doubt that the trial court would have reached the same conclusion and imposed the upper term had the court known of the changes in the statute. A court that is not aware of the scope of its discretionary powers cannot exercise that "informed discretion" any more than a court whose sentence may have been based on misinformation regarding a material aspect of the defendant's record. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) It is unclear whether the trial court would have exercised its sentencing discretion in the same way if it had taken amended section 1170 into account. (See *Wandrey*, *supra*, 80 Cal.App.5th at

14

p. 983.)  Although nothing in the record on appeal suggests that Fuentes's youth was "a contributing factor" in the underlying offenses, defense counsel did not know that section 1170 would soon be amended and so would have had no incentive to argue about Fuentes's "youth" in the framework suggested by subdivision (b)(6)(B).

## DISPOSITION

The judgment is vacated and the case remanded for resentencing pursuant to section 1170, as amended.

_____
Markman, J.*

WE CONCUR:


_____
Stewart, P. J.


_____
Miller, J.


A163734

_____

* Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.