Filed 11/26/14  P. v. Nelson CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| **THE PEOPLE,** | |
| **Plaintiff and Respondent,** | **A139396** |
| **v.** | |
| **KENNETH WAYNE NELSON,** | **(San Mateo County Super. Ct. No. SC050147)** |
| **Defendant and Appellant.** | |


Kenneth Wayne Nelson filed a petition for recall of sentence under Penal Code section 1170.126,[1] a provision of the Three Strikes Reform Act of 2012.  The trial court found Nelson ineligible for resentencing under the statute because he had a disqualifying prior conviction for forcible rape.  It therefore denied the petition.

Nelson appeals from the order of denial, arguing that in making its eligibility determination, the trial court had authority to dismiss the prior disqualifying conviction and consider him for resentencing.  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

This appeal concerns only Nelson's petition for recall of sentence.  The facts of the underlying offenses are therefore irrelevant to the issues before us, and so we limit our factual discussion to matters bearing on the petition.

---

[1] All undesignated statutory references are to the Penal Code.

On January 29, 2002, the San Mateo County District Attorney filed an amended information charging Nelson with felony evading a peace officer (Veh. Code, § 2800.2; count 1) and three misdemeanors—inflicting damage to police property (§ 594, subd. (b)(2)(A); count 2), attempting to escape from a peace officer (§ 836.6, subd. (b); count 3), and hit and run driving (Veh. Code, § 20002, subd. (a); count 4.) The information alleged in connection with count 1 that Nelson had four prior strike convictions (§ 1170.12, subd. (c)(2)) for second degree burglary (§ 459), forcible rape (§ 261, former subd. (2)), robbery (§ 211), and kidnapping (§ 207.) The information also alleged Nelson had served two prior prison terms. (§ 667.5, subd. (b).)

A jury convicted Nelson on all four counts, and in a bifurcated trial, the trial court found true the prior felony conviction and prior prison term allegations. The court denied Nelson's motion to dismiss the prior three strike conviction allegations and sentenced him to prison for a term of 27 years to life. On March 19, 2003, we affirmed the judgment, holding that the trial court had not abused its discretion by denying the motion to strike the priors. (See *People v. Nelson* (Mar. 19, 2003, A098919) [nonpub. opn.] (*Nelson*).)[2]

On January 10, 2013, Nelson filed a petition in propria persona to recall his sentence pursuant to section 1170.126. The trial court then appointed counsel to represent him. The prosecutor filed a response on February 14, 2013, arguing Nelson was ineligible for resentencing under section 1170.126 because he had a disqualifying prior conviction for forcible rape under section 261, former subdivision (2).[3] The

---

[2] We may take judicial notice of our prior opinion. (Evid. Code, § 452, subd. (d)(1); *People v. Alanis* (2008) 158 Cal.App.4th 1467, 1470, fn. 1; see *People v. Woodell* (1998) 17 Cal.4th 448, 456-457 [appellate court's opinion is part of record of conviction and is subject to judicial notice].)

[3] According to the records submitted below, Nelson was convicted of forcible rape on May 14, 1981. At that time, section 261 provided: "Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, under any of the following circumstances: [¶] . . . [¶] 2. Where it is accomplished against a person's will by means of force or fear of immediate and unlawful bodily injury on the person or another." (Stats. 1980, ch. 587, § 1, p. 1595.) This language is now contained in section 261,

prosecutor attached a certified copy of the abstract of judgment in Contra Costa County Superior Court case No. 25215 reflecting this conviction and requested judicial notice of this file in the present case.

On May 10, 2013, defense counsel filed an opposition to the prosecutor's response. Counsel acknowledged, "The prosecution correctly identifies that the provisions of Penal Code section 1170.126 facially exclude Mr. Nelson from consideration for re-sentencing as a second strike offender owing to his prior conviction for a violation of Penal Code section 261(2), on May 14, 1981, in Contra Costa County . . . ." Counsel argued, however, that the court had discretion to strike the prior under section 1385.

On May 31, 2013, the court found appellant was ineligible for resentencing under section 1170.126 and denied the petition. Nelson filed a notice of appeal on July 30, 2013.

DISCUSSION

Nelson argues the trial court had discretion to strike his prior conviction for forcible rape in determining whether he was eligible for resentencing under section 1170.126. He also contends the People were obligated to plead and prove the existence of the prior conviction. As we explain, neither of these arguments has merit.

I. *Appealability of the Order*

Before addressing the merits, we pause to note that the California Supreme Court has recently determined that the order Nelson challenges is appealable. (*Teal v. Superior Court* (Nov. 6, 2014, S211708) ___ Cal.4th ___ [2014 WL 5739048].) In that case, the court held that the trial court's denial of a defendant's petition for recall of sentence on the ground he failed to meet the threshold eligibility requirement (§ 1170.126, subd. (b))

---

subdivision (a)(2). Although the current section has slightly different wording, those differences are not material to the issues before us. When we refer to Nelson's conviction for forcible rape in this opinion, we therefore refer to a conviction under section 261, former subdivision (2).

3

is an appealable order under section 1237, subdivision (b). We therefore have jurisdiction over this appeal.[4]

II. *Nelson's Prior Conviction for Forcible Rape Renders Him Ineligible for Resentencing.*

Section 1170.126, subdivision (b) provides that "[a]ny person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section."

Under subdivision (e) of section 1170.126, "[a]n inmate is eligible for resentencing if: [¶] . . . [¶] . . . [¶] (3) The inmate has *no prior convictions* for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision

---

[4] Although the question of the appealability of the order at issue here was pending before the California Supreme Court throughout the briefing of this case, Nelson did not mention the issue in his briefs. Under California Rules of Court, rule 8.360(a), briefs in criminal appeals must comply as nearly as possible with California Rules of Court, rule 8.204(a)(2)(B). The latter rule requires an appellant to "explain why the order appealed from is appealable[.]" The statement of appealability mandated by the rule "requires an appellant to make the preliminary and fundamental determination that the order appealed from is, in fact, an appealable order or judgment . . . [and] it demonstrates both to other parties *and to the Court of Appeal,* before work on the merits of a case is begun, why the order is appealable." (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 556; see *Sunnyvale Unified School Dist. v. Jacobs* (2009) 171 Cal.App.4th 168, 174, fn. 1 [appellant's failure to address appealability in opening brief is violation of the rule].) Since we may exercise subject matter jurisdiction only when there is an appealable order (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696), it is incumbent upon appellant's counsel to bring the appealability issue to our attention. We note the Attorney General helpfully raised the issue in her brief.

(e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (Italics added.) "Sections 667, subdivision (e)(2)(C)(iv) and 1170.12, subdivision (c)(2)(C)(iv) contain the same operative language." (*People v. Jernigan* (2014) 227 Cal.App.4th 1198, 1204.) A defendant has a disqualifying prior conviction under those sections if: "The defendant suffered a prior serious and/or violent felony conviction . . . for any of the following felonies: [¶] (I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (§§ 667, subd. (e)(2)(C)(iv); 1170.12, subd. (c)(2)(C)(iv).)

The definition of " '[s]exually violent offense' " in Welfare and Institutions Code section 6600, subdivision (b) includes "a felony violation of Section 261" when such act is "committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person[.]" It is undisputed that Nelson sustained a conviction for forcible rape under former section 261, subdivision (2). He has therefore committed a "sexually violent offense" as defined in Welfare and Institutions Code section 6600, subdivision (b), and is thus ineligible for resentencing pursuant to section 1170.126. (§ 1170.126, subd. (e)(3).)

Indeed, as noted above, his counsel conceded as much in the court below, admitting that the provisions of section 1170.126 "facially exclude" Nelson from consideration for resentencing because of his prior conviction for forcible rape.[5] Nelson

---

[5] Despite this concession in the trial court, Nelson seeks to argue on appeal that he was facially eligible for resentencing. Having conceded in the trial court that his prior conviction for forcible rape disqualified him from eligibility under section 1170.126, he may not repudiate that position on appeal and argue to the contrary. (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1371, fn. 14 [defendant bound by counsel's concession in trial court and may not repudiate that position on appeal].)

Nelson also claims he was eligible because he alleged his current conviction of attempting to elude a peace officer was a nonserious/nonviolent felony. He argues the district attorney could then rebut his "*prima facie* eligibility" by showing a disqualifying conviction. Although as we have noted, Nelson has already conceded the issue of eligibility, his argument ignores the plain language of the statute. It provides that "[t]he petition for a recall of sentence described in subdivision (b) . . . *shall also specify* all of

5

again concedes the issue on appeal, and in his reply brief he agrees with the Attorney General that the trial court had no need to determine whether the prior conviction existed, because "there was no issue in the trial court and none on appeal as to whether the conviction existed, and the [trial] court did not have to decide any contested such issue." He also agrees with the Attorney General that his trial counsel's concession that he was facially excluded from resentencing "was the end of the matter so far as whether appellant had the conviction and whether it was a disqualifying one[.]" The parties therefore agree that Nelson suffered the prior conviction for forcible rape and that this prior conviction was a disqualifying one for purposes of section 1170.126.

Although recognizing that the plain language of the statute rendered Nelson ineligible, both Nelson's trial and appellate counsel argue the eligibility determination should not be applied "mechanically." Contrary to Nelson's contention, "[t]he eligibility determination at issue is not a discretionary determination by the trial court, in contrast to the ultimate determination of whether an otherwise eligible petitioner should be resentenced." (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1336 (*Bradford*).) In making the eligibility determination, the evidence the trial court may consider "is limited to the record of conviction." (*Id.* at p. 1341.) Based on the record of conviction alone, the court is required to determine whether a petitioner satisfies the criteria in section 1170.126, subdivision (e). (*Bradford,* at p. 1336, citing § 1170.126, subd. (f).) Here, the record of conviction demonstrates Nelson is ineligible for resentencing, and the trial court therefore properly denied the petition. (*Ibid*.)

III.   *Nelson Is Not Entitled to an Additional Hearing on Whether His Prior Conviction Should Be Stricken.*

Citing section 1385, Nelson claims the trial court should have held a hearing to decide whether his disqualifying prior conviction should be stricken. His reliance on this section is unavailing. Section 1385 permits a judge or magistrate "either *of his or her own motion or upon the application of the prosecuting attorney,* and in furtherance of

---

the *prior convictions* alleged and proved under subdivision (d) of Section 667 and subdivision (b) of Section 1170.12." (§ 1170.126, subd. (d), italics added.)

6

justice, [to] order an action to be dismissed." (§ 1385, subd. (a), italics added.) A defendant has no statutory right to move to dismiss an action or part of an action under that section, although he may informally suggest that the court consider dismissal. (*People v. Konow* (2004) 32 Cal.4th 995, 1022.) Neither the court nor the prosecuting attorney made any such motion in this case. Moreover, as we explained in our prior opinion, Nelson has already once requested that the court strike his prior convictions. (*Nelson, supra,* (A098919) [nonpub. opn.] at p. 2.) The trial court denied his motion, and we affirmed that denial, concluding it was supported by ample evidence. (*Id.* at pp. 3-5.) We are aware of no authority that would permit Nelson to relitigate the result of that proceeding in the context of an eligibility determination under section 1170.126.

This also disposes of Nelson's argument that he was entitled to an additional hearing at which the trial court could consider whether to strike the prior conviction. Nelson points to nothing in the language of the statute that would authorize such a hearing, and as *Bradford* explained, "the current statute contains no procedure permitting the trial court to consider new evidence outside of the record of conviction, and we decline to imply such a procedure. To do so would impose a cumbersome two-step process in which the trial court would be required to consider new evidence at two stages of the proceedings." (*Bradford, supra,* 227 Cal.App.4th at p. 1339.)

IV. *The Prosecution Was Not Required to Plead and Prove Nelson's Disqualifying Conviction*

Finally, we reject Nelson's argument that the People must "plead and prove" the existence of a disqualifying conviction. A recent case holds that section 1170.126 does not require the People to plead and prove a disqualifying factor listed in section 667, subdivision (e)(2)(C). (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1058.) We agree with the holding in that case.

Moreover, even if there were such a requirement—and we agree there is not—it would be met here. Nelson cannot dispute that the People produced a certified record from the Department of Corrections and Rehabilitation showing Nelson's prior conviction. Nothing more was required. (*Bradford, supra,* 227 Cal.App.4th at pp. 1338,

7

1341; see *People v. Ruiz* (1999) 69 Cal.App.4th 1085, 1090, fn. 2 [for purposes of sentencing enhancement, People may satisfy burden of proving prior conviction by introducing certified copy of prison record].)  In fact, although Nelson devotes almost 10 full pages of his brief to this argument, at no time does he explicitly claim that *in this case* the prosecution failed to plead and prove his prior conviction.

DISPOSITION

The order from which the appeal is taken is affirmed.

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Bruiniers, J.