Filed 9/28/20  P. v. Jackson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>JEOVANI JACKSON,<br><br>     Defendant and Appellant. | D076497<br><br><br>(Super. Ct. No. SCD218179) |

APPEAL from a judgment of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed and remanded with directions.

Gary V. Crooks, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Jeovani Jackson pled guilty in 2009 and was sentenced to a term of 20 years.  In 2019 his sentence was returned to the court for review

pursuant to Penal Code[1] section 1170, subdivision (d). The court reduced defendant's sentence to 18 years. Defendant contends this sentence is incorrect, the court abused its discretion in failing to strike a firearm enhancement and in failing to adequately consider defendant's age and mental health status when resentencing him. We affirm the judgment, as we explain.

## I.
## BACKGROUND

*Factual Background*

Defendant has stipulated that the preliminary hearing transcript provides the factual basis for his plea. The transcript is not part of the record on appeal. For purposes of this appeal, it is sufficient to note that on January 12, 2009, defendant committed an assault with a firearm on victim J.R. Defendant also personally used a gun, inflicted great bodily injury on J.R., and committed the crime for the benefit of a street gang.

*Procedural Background*

On May 8, 2009, an information was filed in the Superior Court for San Diego County. In count 1, it was alleged defendant committed attempted, willful, deliberate and premeditated murder in violation of sections 664, 187, subdivision (a), and 189, along with allegations of personally discharging a gun, causing great bodily injury (§ 12022.53, subd. (d)), personal use of a firearm (§ 12022.5, subd. (a)), personal infliction of great bodily injury (§ 12022.7, subd. (a)), and commission of a felony offense for the benefit of a street gang (§ 186.22, subd. (b)(1)). As to count 2, it was alleged defendant committed an assault with a firearm, in violation of section 245, subdivision (a)(2), with allegations of personal use of a firearm in

_____

[1] Further statutory references are to the Penal Code.

violation of section 12022.5, subdivision (a), personal infliction of great bodily injury in violation of section 12022.7, subdivision (a), and commission of a felony for the benefit of a gang in violation of section 186.22, subdivision (b)(1).

On July 7, 2009, pursuant to a negotiated plea, defendant entered a plea of guilty to count 2, assault with a firearm, and admitted the allegations of personal use of a firearm, personal infliction of great bodily injury, and commission of a felony for the benefit of a street gang. The balance of the charges were dismissed. Defendant stipulated to a sentence range between 17 and 22 years.

On December 22, 2009, following defendant's unsuccessful motion to withdraw his guilty plea, the trial court sentenced him to an aggregate prison term of 20 years. The court imposed the upper term of four years on the assault with a firearm, along with three years on the great bodily injury enhancement, three years on the gun enhancement, and 10 years on the gang enhancement, all consecutive.

On September 4, 2018, the Office of the Secretary of the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial judge, advising him that defendant's sentence should be recalled pursuant to section 1170, subdivision (d), explaining the court should not have imposed sentence enhancements under both section 12022.7 subdivision (a) and 186.22, subdivision (b)(1)(C). The 10-year penalty for the gang enhancement applies when the underlying crime is a violent felony. (§ 186.22, subd. (b)(1)(C).) Defendant's assault with a firearm is a violent felony only if the defendant inflicted great bodily injury (§ 12022.7) or used a firearm (§ 12022.5). (See § 667.5, subd. (c)(8) [violent felony].)

3

As a result of the letter, the trial court held a resentencing hearing on September 5, 2019. Defendant requested that the court exercise its new discretion to strike the firearm enhancement, and that it reduce the total sentence. The People agreed the three-year term under section 12022.7 must be stayed, and the trial court could use its discretion to strike the gun enhancement. The court sentenced defendant to 18 years in prison, consisting of the upper term of four years on the assault with a firearm charge, with the midterm of four years consecutive pursuant to section 12022.5 for the gun enhancement, and 10 years consecutive for the gang enhancement pursuant to section 186.22, subdivision (b)(1)(C). The court restated defendant's original credit for time served (345 days actual and 51 days conduct credit).

A timely notice of appeal was filed.

## II.

## ANALYSIS

A. *Sentencing for the Gang and Firearm Use Enhancements Was Appropriate*

Defendant first argues the trial court erred by imposing both the personal firearm use enhancement of section 12022.5, subdivision (a), and an enhancement for committing a violent felony to benefit a criminal street gang, pursuant to section 186.22, subdivision (b)(1)(C). We conclude there is no error.

As defendant acknowledges, *People v. Vega* (2013) 214 Cal.App.4th 1387 (*Vega*) holds a trial court may sentence a defendant for both the firearm enhancement and the gang enhancement. (*Id*. at pp. 1393–1395.) The assault was a violent felony for two reasons: the use allegation and great bodily injury allegation were both found true. (§ 667.5, subd. (c)(8).) Where it was found true that the defendant both personally used a firearm and

4

personally inflicted great bodily injury, the court can impose one of those enhancements and the gang enhancement for a violent felony. (*Vega*, at p. 1395.)

Defendant relies upon *People v. Ahmed* (2011) 53 Cal.4th 156, 164 (*Ahmed*) and *People v. Rodriguez* (2009) 47 Cal.4th 501, 508–509 (*Rodriguez*) for the proposition it is not appropriate to sentence for both firearm enhancements. However, *Rodriguez* does not involve great bodily injury and *Ahmed* does not involve the gang enhancement. As *Vega* states, where the defendant was convicted of a violent felony and the jury found the great bodily injury allegation true, "nothing in section 1170.1, subdivision (f) or *Rodriguez* prevented the trial court from imposing both the firearm use and gang enhancements." (*Vega, supra*, 214 Cal.App.4th at p. 1395.) Nor does *Ahmed* assist defendant. *Ahmed* holds that section 1170.1 does not prohibit imposition of separate enhancements where the defendant is found to have inflicted great bodily injury in addition to using a firearm. (*Ahmed,* at p. 164.)

Existing authority supports the imposition of the gang enhancement and firearm use enhancement.

B. *The Record Reflects the Trial Court Made a Discretionary Choice Not to Strike the Firearm Enhancement*

At the time of defendant's original sentence, trial courts had no authority to strike a firearm enhancement proved under sections 12022.5 and 12022.53. (See former §§12022.5, subd. (c), eff. 1/1/2005-9/30/2011; 12022.53, subd. (h), eff. 1/1/2007-12/31/2011.) Effective January 1, 2018, Senate Bill No. 620 (Sen. Bill 620) removed that prohibition and added the following language to both sections 12022.5 and 12022.53: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing,

5

strike or dismiss an enhancement otherwise imposed by this section.  The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law."

The prosecutor conceded that the discretionary sentencing changes brought by Sen. Bill 620 were applicable and that the court could reconsider imposition of the firearm enhancement.  She told the court at the hearing that it had discretion pursuant to Sen. Bill 620 to strike the firearm enhancement.  She reminded the court that when the defendant saw the victim walking down the street, the defendant said, "I'll kill you," or "I could kill you right now," aimed his gun and shot the victim in the neck.  Defendant also had multiple disciplinary writeups for acts of violence in prison.  The probation report stated that the victim was shot four times:  twice in his neck, once in his torso, and once in his left leg.

The record reflects the trial court took into consideration defendant's age, circumstances of the crime, disciplinary history in prison, and all evidence presented by the parties, and exercised its discretion by declining to strike the firearm enhancement.  The court addressed defendant and stated it could not see "anything less than 18 years on this case.  I've considered the offense.  There were four shots, I believe, fired.  I've considered your entire record, and I've looked at everything, good and bad, since you've been incarcerated.  And I think the only proper sentence here is on the 245, the upper term.  12022.5, the midterm of four years, the 12022.7, the statutory term of three years imposed but stayed, and then the gang allegation term which is the 186.22(b)(1)(c) of ten years, total of 18 years."

We conclude that the court was aware of its discretion and reasonably exercised it in deciding not to strike the firearm enhancement.

6

C.  *The Court Considered Defendant's Age in Setting the Sentence at 18 Years*

The court considered defendant's age—18—and mental health status at the time of the crime before reviewing defendant's sentence.  Defendant contends, however, that the court did not provide the "individualized discretion" that is required when sentencing a person who committed a crime as a juvenile.  (*People v. Franklin* (2016) 63 Cal.4th 261, 275; see also *Miller v. Alabama* (2012) 567 U.S. 460, 471–474.)

The court did not abuse its discretion.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847 [courts have wide discretion in sentencing decisions].)  The defendant, though young, was not a juvenile and the sentence was for a term of less than 20 years, not a life sentence or its functional equivalent.  The court considered defendant's youth and mental health status, and weighed them against the severity of the crime and defendant's abysmal discipline record while in prison.  Its decision was well within the bounds of reason.  (*Ibid.*)

D.  *Certificate of Probable Cause*

The California Supreme Court has concluded defendant is not required to obtain a certificate of probable cause to ask a court of appeal to remand a case to allow the trial court to consider its discretion to strike an enhancement.  (*People v. Stamps* (2020) 9 Cal. 5th 685, 696.)  Given our analysis, we do not consider it necessary to decide the hypothetical scenarios offered by the People with respect to the possibility of remand.

7

E. *Custody Credits*

Although not raised by either party, the court erred in restating the original custody credits from 2009. When the court resentences pursuant to section 1170, it is required to modify the judgment to reflect defendant's actual custody credits as of the date of the resentencing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23, 40–41; § 2900.1.) We remand the case with directions to recalculate custody credits on remand.

DISPOSITION

We remand the case to the trial court to correct the custody credits and to forward an amended abstract of judgment to CDCR. The judgment is affirmed in all other respects.

BENKE, Acting P. J.

WE CONCUR:


IRION, J.


DATO, J.